UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC J. STROBEL,<br><br>   Plaintiff,<br><br> vs.<br><br>WADE BURGESS, BWMARTIN, LLC, and GREEN PRIDE, LLC,<br><br>   Defendants. | 4:19-CV-04073-KES<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING DEFENDANTS' MOTION FOR SANCTIONS, AND DENYING DEFENDANTS' MOTION TO STRIKE |

  Plaintiff, Eric J. Strobel, filed this action seeking declaratory judgment that defendants, Wade Burgess, BW Martin, LLC, and Green Pride, LLC are required to indemnify him under Minnesota law. Docket 1. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b). Docket 8. Defendants also filed a motion for Rule 11 sanctions. Docket 17. Strobel opposes both motions. Dockets 14, 22. Defendants also move to strike Strobel's supplemental affidavit in opposition to the motion to dismiss and the motion for sanctions (Docket 25). Docket 26. Strobel has not responded to that motion. For the following reasons, the court grants defendants' motion to dismiss, denies defendants' motion for sanctions, and denies defendants' motion to strike.

# FACTS

Eric Strobel is an individual who resides in Vermillion, South Dakota. Docket 1 ¶ 5. Wade Burgess is an individual who resides in St. Paul, Minnesota. *Id.* ¶ 6. BWMartin, LLC is a Minnesota limited liability company with its principal place of business in St. Paul, Minnesota. *Id.* ¶ 7. Green Pride, LLC was a Minnesota limited liability company that was administratively terminated in 2016. *Id.* ¶ 8.

Defendants entered into a contract to purchase assets owned by Pride Energy Solutions, LLC, a general contractor in Minnesota and Iowa. *Id.* ¶ 9. Defendants hired Strobel to act as their general manager and operate their business. *Id.* ¶ 10. According to Strobel, defendants breached their purchase agreement with Pride Energy Solutions. *Id.* ¶¶ 15-16. Pride Energy Solutions and other selling corporations filed a lawsuit against defendants in Hennepin County, Minnesota. *Id.* Strobel was not a party to the original lawsuit. *Id.* ¶15. Defendants filed a counterclaim against the selling corporations and added a claim against Strobel. *Id.* ¶ 16.

On July 31, 2017, Strobel entered into a settlement agreement with defendants, agreeing to pay them $22,000. *Id.* ¶ 18. Strobel began making payments to the defendants on August 1, 2017. *Id.* ¶ 22. He now asserts that under either Minnesota employment or agency law, he is entitled to indemnification from the defendants. *Id.* ¶ 23. He seeks a declaratory judgment under five Minnesota state statutes. *Id.* ¶¶ 24-68. He does not assert any

additional damages outside of the $22,000 in settlement payments for which he claims he is entitled to indemnification. *See id.* ¶¶ 18-68.

Strobel is a pro se litigant. *See id.* at 19. He names himself as the attorney filing his complaint and asserts that he seeks $75,000 in damages. *Id.* He alleges that subject matter jurisdiction in federal court exists under 28 U.S.C. § 1332, diversity jurisdiction[1], and 28 U.S.C. §§ 2201-2202, because he requests declaratory judgment.

## DISCUSSION

### I. Subject Matter Jurisdiction

Subject matter jurisdiction is a court's power to decide a certain type of case. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). It is a threshold question in the federal courts. *See Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction." *Home Depot U.S.A. Inc. v. Jackson,* 139 S. Ct. 1743, 1747 (2019) (alteration and internal quotation omitted). Federal courts may hear cases in two circumstances: "cases that arise under federal law" and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Id.* (alterations and internal quotations omitted) (citing 28 U.S.C. §§ 1331 and 1332(a)). The

---

[1] Strobel refers to 29 U.S.C. § 1132 as a source for jurisdiction. Docket 1 ¶ 1. The court assumes this is a typo and that Strobel means to allege that 28 U.S.C. § 1332 is the source of jurisdiction.

3

plaintiff bears the burden of proving subject matter jurisdiction. *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Strobel asserts that this case "arises under" the Declaratory Judgment Act, 28 U.S.C. § 2201. Docket 14 at 9. But the Act only provides a remedy available to federal courts when they have independent subject matter jurisdiction over the matter. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950). The Act does not extend federal court jurisdiction. *Id.* Section 2201 states that courts may grant declaratory judgments "[i]n a case of actual controversy *within its jurisdiction* . . . ." 28 U.S.C. § 2201(a) (emphasis added). It does not independently grant jurisdiction to hear cases where no other basis for jurisdiction exists. *See id.* Jurisdiction must still exist via either a "federal right or diversity." *Skelly Oil Co.*, 339 U.S. at 671. Thus, Strobel must allege that jurisdiction exists under 28 U.S.C. §§ 1331 or 1332 in order to establish federal jurisdiction.

Section 1331 requires a controversy arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the rights Strobel seeks to assert arise under Minnesota state law. Docket 1 ¶¶ 24-68. Jurisdiction is not available under § 1331.

Section 1332 requires diversity of citizenship between the parties and a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a). Strobel alleges that he is resident of South Dakota. Docket 1 ¶ 5. He alleges the defendants are all either residents of Minnesota or companies incorporated in Minnesota with their principal

4

places of business in Minnesota. *Id.* ¶¶ 6-8. Thus, the parties are diverse for purposes of § 1332. But Strobel does not allege that the amount in controversy exceeds $75,000. *See* Docket 14 at 9-10; Docket 1 ¶¶ 18-23. He concedes in his response that he cannot satisfy the amount in controversy requirement, instead arguing that no such requirement exists. Docket 14 at 9-10. The civil cover sheet attached to Strobel's complaint demands $75,000 in damages. Docket 1 at 19. But even this amount, which is unsupported by the facts of the complaint, cannot grant diversity jurisdiction. Section 1332 plainly requires the amount in controversy to "*exceed[]* the sum or value of $75,000[.]" 28 U.S.C. § 1332(a) (emphasis added). Thus, federal jurisdiction does not exist under either § 1331 or § 1332, and the court must dismiss Strobel's case.

**II.     Rule 11 Sanctions**

Defendants move for sanctions under Federal Rule of Civil Procedure 11. Docket 17. A court may impose sanctions under Rule 11 even where it lacks subject matter jurisdiction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992) (affirming a district court's sanctions imposed on a litigant even though the district court was found by the court of appeals to have lacked subject matter jurisdiction). But district courts receive great discretion in determining whether a sanction is appropriate. *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003).

Here, defendants' sanctions argument focuses only on the underlying merits of Strobel's claims. Docket 18 at 11-12. The court does not reach the merits of Strobel's case because no federal jurisdiction exists over his claims.

5

As such, the court finds that the District of South Dakota is not the appropriate court to determine whether Strobel's attempts to seek indemnification from defendants is sanctionable.

## CONCLUSION

Neither diversity jurisdiction nor federal question jurisdiction exists over Strobel's claims. Thus, the court will not address the merits of his claims and cannot assess whether the claims are frivolous. It is

ORDERED that defendants' motion to dismiss (Docket 8) is granted without prejudice.

IT IS FURTHER ORDERED that defendants' motion for sanctions (Docket 17) is denied.

IT IS FURTHER ORDERED that defendants' motion to strike that affidavit (Docket 26) is denied as moot because plaintiff's supplemental affidavit (Docket 25) does not address this court's subject matter jurisdiction.

Dated February 3, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE